UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TARIQ GIBSON,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, JOHN DOES 1-5,

                                  Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

**JURY TRIAL DEMANDED**

17 Civ. 9100 (LGS)

------------------------------------------------------------------------ x

        Defendant City of New York ("defendant City"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

        1.    Denies the allegations contained in paragraph "1" of the Complaint, except admit only that plaintiff purports to proceed as stated therein.

        2.    Denies the allegations contained in paragraph "2" of the Complaint, except admit only that plaintiff purports to proceed as stated therein.

        3.    Denies the allegations contained in paragraph "3" of the Complaint, except admit only that plaintiff purports to invoke the Court's jurisdiction.

        4.    Denies the allegations contained in paragraph "4" of the Complaint, except admit only that plaintiff purports to lay venue as stated therein.

        5.    Paragraph "5" of the Complaint is a demand for trial by jury, to which no response is required.

        6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Denies the allegations contained in paragraph "7" of the Complaint, except admit only that the City of New York is a municipal corporation duly organized under the laws of the State of New York, and that the City maintains a police department, and respectfully refers the Court and plaintiff to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the NYPD. Defendant City further denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any unidentified "John Does 1-5" defendants.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Denies the allegations contained in paragraph "10" of the Complaint, except admits that, on July 3, 2015, plaintiff was placed under arrest in front of 1289 Walton Avenue, Bronx, New York.

11. Denies the allegations contained in paragraph "11" of the Complaint, except admits that, on July 3, 2015, plaintiff was handcuffed and arrested pursuant to New York Penal Law § 221.40 for criminal sale of marijuana.

12. Denies the allegations contained in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any unidentified "John Does" defendants, except admits that, on July 3, 2015, plaintiff was arrested and transported to the 44th Precinct pursuant to New York Penal Law § 221.40 for criminal sale of marijuana.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint, except admits that, on July 4, 2015, plaintiff was transported to Bronx Central Booking.

18. Denies the allegations contained in paragraph "18" of the Complaint.

19. Denies the allegations contained in paragraph "19" of the Complaint.

20. In response to the allegations contained in paragraph "20" of the Complaint, defendant City repeats and re-alleges the responses contained in paragraphs "1 – 20" inclusive of its answer, as if fully contained therein.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint.

22. Denies the allegations contained in paragraph "22" of the Complaint.

23. Denies the allegations contained in paragraph "23" of the Complaint.

24. Denies the allegations contained in paragraph "24" of the Complaint, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any unidentified "John Does" defendants.

25. Denies the allegations contained in paragraph "25" of the Complaint, and further denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any unidentified "John Does" defendants.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint, except admits that plaintiff was placed under arrest in front of 1289 Walton Avenue, Bronx, New York.

28. Denies the allegations contained in paragraph "28" of the Complaint.

29. Denies the allegations contained in paragraph "29" of the Complaint.

30. In response to the allegations contained in paragraph "30" of the Complaint, defendant City repeats and re-alleges the responses contained in paragraphs "1 – 30" inclusive of its answer, as if fully contained therein.

31. Denies the allegations contained in paragraph "31" of the Complaint.

32. Denies the allegations contained in paragraph "32" of the Complaint.

33. Denies the allegations contained in paragraph "33" of the Complaint.

34. Denies the allegations contained in paragraph "34" of the Complaint.

35. Denies the allegations contained in paragraph "35" of the Complaint.

36. Denies the allegations contained in paragraph "36" of the Complaint.

37. States that the allegations contained in paragraph "37" of the Complaint constitute legal conclusions of law to which no response is required.

38. States that the allegations contained in paragraph "38" of the Complaint constitute legal conclusions of law to which no response is required.

39. Denies the allegations contained in paragraph "39" of the Complaint, except admits that plaintiff purports to seek relief as stated therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

40. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

41. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

42. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

43. To the extent the Complaint can be read to assert state law claims against defendant City, plaintiff has failed to comply with all conditions precedent to suit including, but not limited to, New York General Municipal Law §50 et seq., including §§ 50-e, 50-i, and 50-h.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

44. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

45. Any injury alleged to have been sustained resulted from plaintiff's own culpable, negligent, or intervening conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

46. Punitive damages cannot be assessed against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

47. Plaintiff has failed to state a valid claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

48. Probable cause, exigent circumstances, and/or reasonable suspicion, existed for any alleged stop or search.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE:**

49. Probable cause existed for plaintiff's arrest, detention, and prosecution.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:**

50. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            February 15, 2018

        ZACHARY W. CARTER
        Corporation Counsel of the
         City of New York
        *Attorney for Defendant City*
        100 Church Street, Room 3-154
        New York, New York 10007
        (212) 356-1643
        bnunez@law.nyc.gov

By:        /s/
    Bridgette Nunez
    *Assistant Corporation Counsel*

- 7 -

cc:    Vik Pawar (By ECF)
       *Attorney for Plaintiff*
       vikrantpawaresq@gmail.com