```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/01/2018
```

# PAWAR LAW GROUP P.C.
### ATTORNEYS AT LAW

ROBERT BLOSSNER
VIK PAWAR

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

NEW JERSEY OFFICE:

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

February 28, 2018

**BY ECF**
The Honorable Lorna G. Schofield
Southern District of New York

Re:     *Tyreeq Gibbons v. The City of New York, et al.* 17 CV 9100 (LGS) (RWL)

Dear Judge Schofield:

I represent the plaintiff in this action. Pursuant to Local Rule 83.10, I respectfully request that the Court remove this case from the "1983 Plan" or, at the very least, refer the case to the Magistrate for settlement. Defense counsel does not join in either of these requests.

This is the first time I have a "1983 Plan" case before Your Honor and wish to address the concerns that led to the enactment of the "Plan." But before I do so, I want to raise another issue why this case should not be part of the "1983 Plan."

The statute of limitations ("SOL") expires in early July 2018. At the moment, plaintiff does not have names of any individual defendants. If history is any indication, the "1983 Plan" would give the City enormous extension of time to identify potential "John and Jane Does" as the SOL creeps up. This would give plaintiff very little time to amend the complaint in a meaningful manner. If, however, this case was not in the "1983 Plan," the City would have answered months ago, the Court would have already had an initial conference and the identities of the "John and Jane Does" would have been revealed by now.

With respect to the "1983 Plan" itself, it has has proven to be a farce. When it was first implemented in 2011, the plaintiffs' civil rights bar (including the Legal Aid Society and NYCLU) objected to it. The Eastern District Committee on Local Rules even refused to consider it. The only proponent was the New York City Law Department who bamboozled the Judges into thinking that the City would take civil rights cases seriously and this would be an effective and expeditious way to resolve cases. However,

1

the opposite has proven to be true. The City has admittedly made far more motions to dismiss while illegally benefiting from an automatic enlargement of time that is not authorized by the Federal Rules of Civil Procedure.[1]

The ineffectiveness of the "1983 Plan" is shared by Judge Forrest who removes the case from the "Plan" if one party objects to it. She also has a Standing Order removing any case from "1983 Plan" after a six-month period. In addition, Judges Hellerstein, Pauley, Rakoff and former Judge Schiendlin refused to follow the "1983 Plan." This is the first time, I have a "1983 Plan" case before Your Honor and I truly hope that Your Honor does not automatically give the City what it wants simply because it is the "City" and consider plaintiff(s)' arguments against including this case in the "1983 Plan" because it has done very little for the civil rights plaintiffs and everything that the Defendant City hoped for.

I respectfully request that the Court, for the foregoing reasons, <u>remove this case from the "1983 Plan," schedule an initial conference or, at the very least, refer this case to the Magistrate for a settlement conference.</u>

Thank you.

Respectfully,

Vik Pawar (VP9101)

Cc:   Ms. Bridgette Nunez, Esq.  (by ECF)

**Application GRANTED. This case will not participate in the 1983 Plan. The Court will schedule an initial pretrial conference by separate order.**
**Dated: March 1, 2018**
   **New York, New York**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] I do not fault the City for making Rule 12(b)(6) motions; however, the manner they use the "1983 Plan" is disingenous.