# PAWAR LAW GROUP P.C.

### ATTORNEYS AT LAW

20 VESEY STREET SUITE 1210
NEW YORK NEW YORK 10007

ROBERT BLOSSNER
VIK PAWAR

TEL (212) 571 0805
FAX (212) 571 0938

www.pawarlaw.nyc

NEW JERSEY OFFICE:

6 SOUTH STREET, SUITE 201
MORRISTOWN, NEW JERSEY

May 24, 2018

**BY ECF**
The Honorable Lorna G. Schofield
Southern District of New York

Re:     *Tareeq Gibbons  v. The City of New York, et al.,* 17 CV 9100 (LGS)

Dear Judge Schofield:

      I represent the plaintiff in this action. Pursuant to Your Honor's Individual Rules of Practice Section III.C.3, plaintiff respectfully requests a swift resolution of a discovery dispute through a "telephone conference on short notice."

      First, I raised the discovery dispute dispute with defense counsel by email and then we met and conferred on the telephone today. It did not resolve the dispute.

**Background**:

      Plaintiff filed this action against defendant City of New York ("City") on November 21, 2017 and served the City on November 27, 2018. Thereafter, I requested (docket entry #9) and the Court granted the request to remove this case from the "1983 Plan" (docket entry #10) because, as I stated, it accomplishes very little and unnecessarily prolongs the action to the benefit of the City and detriment to civil rights plaintiffs.

      The Court held an intial conference on April 17, 2018.  At the conference the Court specifically informed defense counsel that the City would be obligated to respond to discovery concerning *Monell*. Defense counsel unequivocally understood that directive. On April 18, 2018, plaintiff served his narrowly tailored discovery request. *See exhibit 1*. Defendants refuse to respond to the three requests on the basis that  the information seeks *Monell* discovery. This is troubling. Why else would plaintiff be seeking discovery in an action against the City if not for *Monell*?

1

Defense counsel's position is that the City's strategy changed after plaintiff filed a First Amended Complaint ("FAC"). This position is disingenuous and further supports plaintiff's position (docket entry #9) that the City unnecessarily delays cases without any just or proper purpose in contravention of Federal Rule 1[1].

**Nothing** has changed with respect to allegations against the City. The allegations first filed in November 2017 are the same in the FAC. The City knew about them more than six months ago. Yet, not only did they not seek to move to dismiss, or bifurcate the case, but agreed at the initial conference to comply with discovery. There is no plausible reason for them to defy discovery.

Plaintiff respectfully request that the Court direct the City to respond to requests in Exhibit 1.

Thank you.

Respectfully,

Vik Pawar (VP9101)

Cc:   Ms. Bridgette Nunez, Esq.  (by ECF)

---

[1] "These rules govern the procedure in all civil actions and proceedings in the United States district courts …. They should be construed, administered, and employed by the court and the parties to secure the just, **speedy**, and inexpensive determination of every action and proceeding." (emphasis added).

2