UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

TARIQ GIBBONS,

                              Plaintiff,

        -against-

THE CITY OF NEW YORK, ET AL.,

                            Defendant City.

------------------------------------------------------------------ x

**DEFENDANT CITY'S RESPONSES AND OBJECTIONS TO DISCOVERY REQUESTS**

17 Civ. 9100 (LGS)

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendant City of New York responds and objects to Plaintiff's First Set of Interrogatories and First Request for Documents as follows:

## GENERAL STATEMENT AND GENERAL OBJECTIONS

1. By responding to any request, Defendant City do not concede the materiality of the subject to which it refers. Defendant City' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant City' right to objects to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the request for the production of documents, Defendant City will provide, under separate cover, a privilege index, if appropriate.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Detail the information or knowledge held by the individuals identified in defendant City's initial disclosures regarding the incident.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:

Defendant City objects to Interrogatory No. 1 on the grounds that it is vague as to "information or knowledge" plaintiff is seeking, and overbroad as it may seek information not in the custody or control of defendant. Defendant further objects to the extent it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Defendant further objects to the extent there is a more practical method of obtaining the information sought regarding "the information or knowledge held by individuals identified in defendant City' initial disclosures." Defendant further objects on the grounds that this request invades the privacy rights of the individual defendant and/or non-parties, to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55, and/or New York Family Court Act § 375.1. Subject to, and without waiving or in any way limiting these specific objections, defendant refers plaintiff, pursuant to Fed. R. Civ. P. 33(d), to its March 14, 2018 Initial Disclosures and the documents annexed thereto and the documents produced herewith, bearing Bates Nos. DEF054 – DEF056, for the involvement of, and the knowledge held by, the individuals identified therein for information responsive to this request.

### INTERROGATORY NO. 2:

Identify the individual who allegedly purchased/sold drugs to plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendant City objects to Interrogatory No. 2 on the grounds that it is vague and overbroad as to terms "individual" and "purchased/sold." Defendant City further objects to the extent the interrogatory seeks information beyond the scope of Local Rule 33.3. Defendant City further objects to the extent it seeks information protected by the law enforcement privilege, and/or other applicable privileges. Defendant City further objects on the grounds that it seeks information that has previously been produced in this action in its May 4, 2018 Second Supplement to its Initial Disclosures and seeks information already in the possession of plaintiff. Subject to, and without waiving or in any way limiting these specific objections, and assuming that Interrogatory No. 2 seeks information in the context of the alleged incident, defendant City states that C0244 was the undercover officer who purchased drugs from plaintiff.

**INTERROGATORY NO. 3:**

Identify the individual who is in charge of training/implementing policies regarding stop/frisks, undercover buy and bust or legalities of such operations to individuals such as the members of the NYPD team that arrested plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to Interrogatory No. 3 on the grounds that the terms "who is in charge," "training/implementing policies," and "legalities of such operations," and "NYPD team" is ambiguous, overbroad, and to the extent that it seeks information pertaining to allegations or claims that are not relevant or proportional to the needs of the case. Defendant further objects on the grounds that this seeks information or documents that are protected by the official information, law enforcement, and/or deliberative/pre-decisional privileges. Defendant City further objects on the grounds that this request seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and on the grounds that plaintiff has not

stated any viable claims against the City under Monell v. Dep't of Social Services, 436 U.S. 658 (1978) and its progeny.

**INTERROGATORY NO. 4:**

Identify non-NYPD individuals who possesses knowledge about the incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to Interrogatory No. 4 on the grounds the term "possesses knowledge" is vague and ambiguous. Defendant further objects on the grounds that this request seeks information not within defendant's possession, custody, or control. Defendant further objects on the grounds that this request invades the privacy rights of the individual defendant and/or non-parties, to the extent it implicates the sealing provisions of New York Criminal Procedure Law §§ 160.50, 160.55, and/or New York Family Court Act § 375.1. Subject to, and without waiving or in any way limiting these specific objections, defendant identifies plaintiff Tariq Gibbons and Enrique Bennett.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All documents concerning the Incident referred to in the complaint and defendant's answer.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant objects to Document Request No. 1 on the grounds that it is vague and ambiguous as it is not clear what documents plaintiff may have referred to in the complaint, and overbroad as it may seek information not in the custody or control of defendant, such as documents in the possession of plaintiff or a third-party. Defendant further objects to the extent it seeks information protected by the attorney-client privilege and/or attorney work-product

doctrine. Notwithstanding these specific objections, defendant refers plaintiff to its March 14, 2018 Initial Disclosures and the documents produced thereto, bearing Bates Nos. DEF001 through DEF047, its April 23, 2018 First Supplement to its Initial Disclosures and the documents produced thereto, bearing Bates Nos. DEF048 – DEF053, along with documents produced herewith, bearing Bates Nos. DEF054 – DEF056. Defendant states that it is continuing to search for documents responsive to this request, and will supplement this response should any responsive information become known to defendant's counsel.

**DOCUMENT REQUEST NO. 2:**

All documents that relate to the foregoing interrogatories.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

See Objection and Response to Interrogatory Nos. 1 and 2 and Document Request No. 1.

**DOCUMENT REQUEST NO. 3:**

All tape logs and tape recordings, summaries, notes, emails or reports of all log entries, meetings, conferences, and conversations, sprint reports. 311, 911 calls concerning the Incident including but not limited to those of the police department, office of the DA or any other law enforcement agency.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to Document Request No. 3 as the term "other law enforcement agency" is vague and ambiguous. Defendant further objects on the grounds that the request is overbroad to the extent it seeks information not relevant to the allegations in the complaint, not proportional to the needs of the case, and is not properly limited in time or scope. Defendant further objects to the extent it seeks documents which are not in the possession, custody, or control of the defendant, to the extent the custodian of record is a third-party, including, without

limitation, the District Attorney's office. Defendant further objects to the extent it seeks information or documents that are protected by the attorney-client privilege, attorney work product doctrine, official information, law enforcement, and/or other applicable privileges. Notwithstanding these specific objections, defendant states that it is not in possession of any documents responsive to this request.

**DOCUMENT REQUEST NO. 4:**

Produce all documents that would indicate whether there was a complaining victim/witness that led to the incidents outlined in the complaint.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant City objects to Document Request No. 4 as the terms "led to the incidents" and "outlined in the complaint" are vague and ambiguous. Defendant City further objects on the grounds the request is overbroad to the extent it seeks information not relevant to the allegations in the complaint, not proportional to the needs of the case, and is not properly limited in time or scope. Defendant City further objects to the extent it seeks documents which are not in the possession, custody, or control of the defendant, to the extent the custodian of record is a third-party, including, without limitation, the District Attorney's office. Notwithstanding these specific objections, defendant City states that it is continuing to search for documents responsive to this request, and will supplement its response should any responsive information become known to defendant's counsel.

**DOCUMENT REQUEST NO. 5:**

All kel or tape recordings or transcripts of any emergency radio transmission ("radio runs") that were relayed to or from the NYPD team who took part during the incident or were used to document the investigation leading to the incidents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

See Objection and Response to Document Request No. 1. Notwithstanding these specific objections, defendant City states that it is continuing to search for documents responsive to this request, and will supplement this response should any responsive information become known to defendant's counsel.

**DOCUMENT REQUEST NO. 6:**

With respect to any person(s) employed by defendant CITY of NEW YORK or any civilians who witnessed some or all of the Incident and surrounding events, produce the entries of each such person in his/her records, memo books, diaries, Daily Activity Reports, logs journals, notes, and calendars for those dates, and all documents memorializing such person's impressions, observations, summaries description, recounting, or version of the aforementioned events.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant City objects to Document Request No. 6 on the grounds that the term any person who "witnessed some or all of the Incident and surrounding events" is vague, ambiguous, overbroad, and not properly limited in time or scope, and to the extent that it seeks information not in defendant's possession, custody or control. Defendant City further objects that the request seeks information not relevant to any claim or defense in this action and is not proportional to the needs of the case. Defendant City further objects that the request seeks documents that are protected from disclosure by the attorney-client privilege, official information privilege, law enforcement privilege and other applicable privileges. Defendant City further objects on the grounds that it seeks information that has previously been produced in this action and seeks information already in the possession of plaintiff. Notwithstanding these specific objections, defendant City refers plaintiff to defendant's March 14, 2018 Initial Disclosures and

the document produced thereto, Detective Josue Marcelin's memo book entry for July 3, 2015, bearing Bates Nos. DEF007 – DEF010. Defendant City states that it is continuing to search for documents responsive to this request, and will supplement this response should any responsive information become known to defendant's counsel.

**DOCUMENT REQUEST NO. 7:**

All documents concerning CITY of NEW YORK procedure, practice, rules, training materials and/or regulations in effect concerning:

(a) buy and bust programs.

(b) stop and frisks.

(c) tactical operations for buy and bust.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant City objects to Document Request No. 7 and its three discrete subparts on the grounds that this request is overbroad, not sufficiently limited in time or scope, vague and ambiguous as to "all documents concerning City of New York procedure, practice, rules, training materials and/or regulations" concerning "buy and bust programs, stop and frisks, and tactical operations for buy and bust." Defendant City further objects to the extent the interrogatory seeks information beyond the scope of Local Rule 33.3. Defendant City further objects on the grounds that this request seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and on the grounds that plaintiff has not stated any viable claims against the City under Monell v. Dep't of Social Services, 436 U.S. 658 (1978) and its progeny.

**DOCUMENT REQUEST NO. 8:**

All documents or log entries that show that the team that participated in the arrest of plaintiff attended the training or were taught about the practice and procedure outlined in the foregoing paragraphs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant City objects to Document Request No. 8 on the grounds that this request is overbroad, not sufficiently limited in time or scope, vague and ambiguous as to "all documents or log entries" "that show that the team that participated in the arrest of plaintiff attended the training" and as to "or were taught about the practice and procedure outlined in the foregoing paragraphs." Defendant City further objects on the grounds that this request seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and on the grounds that plaintiff has not stated any viable claims against the City under Monell v. Dep't of Social Services, 436 U.S. 658 (1978) and its progeny.

**DOCUMENT REQUEST NO. 9:**

The tactical plan for the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant City objects to Document Request No. 9 to the extent it seeks information protected by the official information, law enforcement, and/or deliberative/pre-decisional privileges. Defendant City further objects on the grounds that it seeks information that has previously been produced in this action and seeks information already in the possession of plaintiff. Notwithstanding these specific objections, defendant City refer plaintiff to its April 23, 2018 First Supplement to its Initial Disclosures and the document annexed thereto, NYPD Tactical Plan, dated July 3, 2015, bearing Bates No. DEF053.

Dated:   New York, New York
         May 18, 2018

ZACHARY W. CARTER
Corporation Counsel of the
 City of New York
*Attorney for Defendant City*
100 Church Street, Room 3-154
New York, New York 10007
(212) 356-1643

By: _____
BRIDGETTE NUNEZ
*Assistant Corporation Counsel*

TO: PAW LAW GROUP, P.C.
VIK PAWAR (VP 9101)
*Attorney for Plaintiff*
20 Vesey Street, Suite 1210
New York, New York 10007