UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TARIQ GIBSON,

                                          Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

                                          Defendants.

------------------------------------------------------------------x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

17 Civ. 9100 (LGS)

        **WHEREAS**, plaintiff Tariq Gibson ("Plaintiff") has sought certain documents and information from Defendants City of New York, Detective Eric Bolger, Detective Josue Marcelin, Sergeant Francisco Perez, Sergeant Michael Garcia, Detective Joseph Ruggieri, Detective Henry Adames, Detective Robert Jaquez, Detective Jason Vasquez, and Undercover C0244 ("Defendants"); and

        **WHEREAS,** Defendants deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privilege and/or other applicable privileges; and

        **WHEREAS,** Defendants object to the production of these documents unless appropriate protection for their confidentiality is assured; and

        **WHEREAS,** good cause therefore exists for the entry of an Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the attorney for plaintiff and the attorney for Defendants, as follows:

        1.     As used herein, "Action" shall mean the lawsuit captioned above.

2. As used herein, without waiving any objections defendants might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

(A) Personnel records for Defendants, and the information contained therein including Civilian Complaint Review Board history, NYPD Internal Affairs Bureau Resume and NYPD Central Personnel Index;

(B) Records of investigations conducted by the NYPD, the Civilian Complaint Review Board and NYPD Internal Affairs Bureau, or other agencies;

(C) NYPD training materials;

(D) Any other NYPD documents produced as part of <u>Monell</u> discovery; and

(E) Other documents and information that may be designated "Confidential Material" in good faith by Defendants or the Court, except that such documents and information shall not be designated "Confidential Materials" to the extent, and only to the extent, that they (i) are lawfully obtained by plaintiff by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or (ii) are otherwise publicly available.

3. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to Plaintiff's counsel. The Defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

4. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by Defendants shall be governed by the terms of this Confidentiality Stipulation and Protective Order.

5. The Defendants reserve the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to the Plaintiff.

6. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7. Notwithstanding the provisions of this Confidentiality Stipulation and Protective Order, if Plaintiff, Plaintiff's attorneys, Plaintiff's representatives, or anyone on Plaintiff's behalf make public representations, the substance of which concerns or is contained in the Confidential Materials, Defendants or Defendants' attorneys may move the Court, on an expedited basis, for relief.

8. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation, settlement or presentation of Plaintiff's case in this Action.

9. If Plaintiff objects to the designation of any particular document Confidential Material, Plaintiff shall state such objection in writing to Defendants, and the parties shall in good faith attempt to resolve such objection. If the objection cannot be resolved among the parties, Plaintiff, within 14 days of the initial objection, may request that the Court

remove the designation. Any such materials or information shall remain Confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

      10. Plaintiff's attorneys shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

    (A) Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this action, to those individuals described in subparagraph (B) below.

    (B) Disclosure before trial may be made only to the Plaintiff, to an expert who has been retained or specially employed by Plaintiff's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

    (C) Before any disclosure is made to a person listed in subparagraphs (A) and (B) above (other than to the Court), Plaintiff's attorneys shall provide each such person with a copy of this Confidentiality Stipulation and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. Plaintiff shall retain the signed consent and furnish a copy to Defendants' attorney upon request at a deposition or immediately before trial, although the name of an expert that Plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

11. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Confidentiality Stipulation and Protective Order.

12. Where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, Plaintiff may file redacted documents without further order of the Court.

13. In addition, where reasonable advance notice is given by Plaintiff and the parties agree in writing to the use of the confidential documents and/or information in support of a motion for summary judgment or any other dispositive motion by Plaintiff or at a trial on the merits in this matter, such information will not be subjected to the instant protective order. In the event that the Confidential Materials may be disclosed at a hearing or at trial, the Court may impose appropriate safeguards for the presentation of such Confidential Materials.

14. Plaintiff's counsel shall keep confidential for "attorney's eyes only" of the contact information of witnesses, to the extent that such information is provided to plaintiff's attorney. Such information shall be used only by the attorney or his law firm or agents for the purpose of communication with witnesses or the service of subpoenas, and shall not be disclosed to plaintiff, plaintiff's family members, or other persons, and such information shall not be included in documents publicly filed with the Court.

15. This Confidentiality Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph 10, subsection (B) herein, for any purpose without prior Court approval.

16. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendants' attorneys or, upon Defendants' attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorney.

17. This Confidentiality Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

18. The terms of this Confidentiality Stipulation and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

19.   Nothing in this Confidentiality Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials in any manner.

Dated: August 3, 2018
 New York, New York

VIK PAWAR, ESQ.
*Attorney for Plaintiff*
20 Vesey Street
Suite 1210
New York, New York 10007

By: _____
    VIK PAWAR
    Robert Blossner

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By: _____
    BRIDGETTE NUNEZ

SO ORDERED:

_____
HONORABLE LORNA G. SCHOFIELD.
UNITED STATES DISTRICT JUDGE
Dated: _____, 2018