

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

**BRIDGETTE NUNEZ**
*Assistant Corporation Counsel*
bnunez@law.nyc.gov
Phone: (212) 356-1643
Fax: (212) 356-3509

August 23, 2018

**By ECF**
Honorable Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Tariq Gibson v. City of New York, et al.
17 Civ. 9100 (LGS)

Your Honor:

I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney assigned to the above-referenced matter on behalf of defendants City of New York, Detective Eric Bolger, Detective Josue Marcelin, Sergeant Francisco Perez, Sergeant Michael Garcia, Detective Joseph Ruggieri, Detective Henry Adames, Detective Robert Jaquez, Detective Jason Vasquez, and C0244 ("defendants"). In accordance with Your Honor's Individual Rules, defendants write to respectfully request a conference to address a discovery dispute that the parties have been unable to resolve regarding the production of a release for access to information regarding plaintiff's criminal history ("global 160.50 release"). The undersigned has conferred with plaintiff's counsel, Vik Pawar, Esq., but has been unable to resolve the discovery dispute.

By way of background, plaintiff filed an Amended Complaint alleging, *inter alia*, that he was falsely arrested by Detective Bolger, Detective Marcelin, Sergeant Perez, Sergeant Garcia, Detective Ruggieri, Detective Adames, Detective Jaquez, and Detective Vasquez for selling marijuana to undercover police officer C0244, which resulted in emotional injuries. (ECF No. 18). Following the April 17, 2018 Initial Pretrial Conference, defendants served their First Set of Interrogatories and Requests for Production of Documents on plaintiff on April 19, 2018, which requested, *inter alia*, a global 160.50 release to obtain access to plaintiff's prior sealed arrest records. On May 22, 2018, having not received plaintiff's responses, defendants sent plaintiff's counsel an email requesting that plaintiff provide his discovery responses. Two days later, on May 24, 2018, plaintiff provided sorely deficient responses. Pursuant to Local Civil Rule 37.3,

defendants attempted to confer with plaintiff regarding, *inter alia*, the failure to provide a global 160.50 release over the course of approximately two months.[1] It was not until the week of August 6, 2018 that plaintiff's counsel finally agreed to provide the requested global 160.50 release, and then, the following week, had a change of heart. Indeed, the fact discovery deadline is set for September 15, 2018, and, despite meeting and conferring with plaintiff's counsel on August 22, 2018, defendants have been unable to obtain a global 160.50 release to date. It is now abundantly clear that this discovery issue cannot be resolved without judicial intervention.

Plaintiff should be compelled to provide the global 160.50 release that he initially agreed to produce. Specifically, Document Request No. 12 requests that plaintiff "complete and provide the annexed blank authorization for access to plaintiff's records that may be sealed pursuant to N.Y. C.P.L. §§ 160.50 and 160.55." However, in response, plaintiff simply responded "Plaintiff has no documents in his possession." Not only is this response vague and incomplete, but plaintiff did not assert objections and did not provide an executed global 160.50 release. On July 24, 2018, the undersigned emailed plaintiff's counsel to inquire about, *inter alia*, the global 160.50 release. Plaintiff responded that he would "think about [it]," and on August 8, 2018, indicated that he would produce it to defendants within one week. However, on August 14, 2018, plaintiff's counsel emailed the undersigned to explain that he would not produce it and subsequently indicated that the Court could resolve the issue. Accordingly, because plaintiff's counsel initially agreed to provide the requested release, he should be compelled to produce it by a date certain.

However, notwithstanding plaintiff's counsel's initial agreement to produce the release, defendants are nevertheless entitled to it because plaintiff's prior criminal history is relevant to the computation of plaintiff's alleged damages and for impeachment purposes. Indeed, because plaintiff is asserting a claim for false arrest in this case, and seeking monetary damages pertaining to this claim, plaintiff's prior and subsequent arrest history is relevant. Specifically, any prior or subsequent arrests and incarcerations may demonstrate that plaintiff's purported damages, particularly any damages for mental anguish attendant to arrest and imprisonment, were mitigated by any prior or subsequent incarcerations and/or encounters with the criminal justice system. In Wilson v. City of New York, No. 06 CV 229 (ARR) (VVP), 2006 U.S. Dist. Lexis 90050 (E.D.N.Y. Dec. 13, 2006), the Court reasoned that,

> since the plaintiff seeks damages for emotional distress arising from his arrest and detention, his prior experiences involving arrest and detention, including those which ended favorably and whose records are therefore sealed, may be relevant to the damages determination the jury will be asked to make at trial. Clearly, it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained. The request for such

---

[1] In an attempt to resolve the discovery dispute, the undersigned emailed plaintiff's counsel on June 6, 2018, June 19, 2018, July 24, 2018, August 6, 2018, August 8, 2018, and August 16, 2018. The undersigned also called and left plaintiff's counsel a voicemail message on June 6, 2018 and August 17, 2018.

>information is therefore reasonably calculated to lead to evidence admissible at trial.

Id. at *1.  Likewise, in Schiller v. City of New York, No. 04 Civ. 7922 (KMK) (JCF), 2006 U.S. Dist. LEXIS 88854 (S.D.N.Y. 2006) (interim order), the Court noted that "the City correctly points out that documents detailing [plaintiff's] prior arrest experiences, previous arrest processing, and criminal court proceedings are relevant to refute [his] claims regarding the cause and extent of emotional distress damages attributable to his [] arrest and confinement." Id. at *24.  Furthermore, if plaintiff has been convicted of a felony or has been convicted of **any** offense relating to veracity within the past ten years, then such evidence would be presumably admissible under Fed. R. Evid. 609.  In fact, even if the conviction was beyond ten years, such evidence may still be admissible under Fed. R. Evid. 609, since it is within the discretion of the Court to permit evidence of convictions over ten years old.  Accordingly, plaintiff should be required to execute a global §160.50 release.

Accordingly, defendants respectfully request a conference to compel plaintiff to produce a global 160.50 release to obtain information regarding plaintiff's criminal history by a date certain.

Thank you for your consideration herein.

Respectfully submitted,

_____/s/_____

Bridgette Nunez
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     Vik Pawar, Esq. (By ECF)